N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROSETTA MARIA JONES                                                                          PLAINTIFF

vs.                                        Civil No. 2:11-cv-02046

MICHAEL J. ASTRUE                                                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Rosetta Maria Jones ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff filed her initial disability applications on May 17, 2006.[2] (Tr. 14, 101-104).  In her applications, she alleged being disabled due to anxiety, depression, high blood pressure, seizures, and headaches.  (Tr. 265).  Plaintiff alleged an onset date of April 29, 2006.  (Tr. 14, 101).  These

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff subsequently filed another set of applications on August 21, 2007 which were approved at the initial level. (Tr. 39).  These applications will be addressed later in this opinion.

1

applications were denied initially and again on reconsideration. (Tr. 30-31).

Thereafter, on December 22, 2008, Plaintiff's administrative hearing in this matter was held. (Tr. 636-696). This hearing was held in Fort Smith, Arkansas. *Id.* Plaintiff was present and was represented by Iva Gibbons at this hearing. *Id.* Plaintiff, Plaintiff's daughter, and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI), and had completed the eighth grade in school. (Tr. 644-646).

On July 31, 2009, the ALJ entered an unfavorable decision denying Plaintiff's request for disability benefits. (Tr. 14-24). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 29, 2006, her alleged onset date. (Tr. 16, Finding 1). The ALJ determined Plaintiff had the following severe impairments: seizure disorder, mood disorders, and a back disorder. (Tr. 16-17, Finding 2). The ALJ, however, also determined Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 17-19, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and assessed her RFC. (Tr. 19-23, Finding 4). First, the ALJ found Plaintiff's subjective allegations were not supported by the overall evidence and were not fully credible. *Id.* Second, the ALJ found Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about six hours during an eight-hour workday and can stand

>and walk for about six hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch and crawl. The claimant cannot drive and can have no exposure to hazards, such as unprotected heights or heavy machinery. The claimant can perform unskilled work where interpersonal contact is incidental to the work performed, but can have no contact with the general public. The claimant can perform low stress work (defined as occasional decision making and occasional changes in work place settings).

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 23-24, Finding 5). The VE testified at the administrative hearing regarding this issue. (Tr. 23, 690-696). Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a compression molding machine tender (light, unskilled). *Id.* Based upon her RFC, the ALJ determined Plaintiff was not precluded from performing her PRW. (Tr. 23-24, Finding 5). Accordingly, because she could perform her PRW, the ALJ determined Plaintiff was not under a "disability" as defined by the Act at any time through the date of his decision. (Tr. 24, Finding 6). At the conclusion of this opinion, the ALJ also reopened Plaintiff's previous award of benefits under the August 21, 2007 applications and terminated her benefits.

On August 5, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 9). *See* 20 C.F.R. § 404.968. On January 10, 2011, the Appeals Council denied this request for review and notified Plaintiff that the ALJ's decision was the final decision in this action. (Tr. 5-7). On March 9, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 14, 2011. ECF No. 5. Plaintiff filed her appeal brief on August 15, 2011, and Defendant filed his brief on September 13, 2011. ECF Nos. 10-11. This case is now ready for decision.

**2.	Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erroneously reopened and revised her prior favorable determination; (2) the ALJ failed to properly develop the record; (3) the ALJ failed to consider evidence which fairly detracted from his findings; (4) the ALJ improperly evaluated her subjective complaints; (5) the ALJ failed to properly consider the opinions of her treating physicians; and (6) the ALJ improperly evaluated her RFC. ECF No. 10. Because the ALJ improperly reopened the subsequent applications awarding benefits, this Court finds Plaintiff's case must be reversed and remanded.

Plaintiff filed the present applications on May 17, 2006. (Tr. 14, 101-104). Plaintiff also filed another set of applications on August 21, 2007. (Tr. 106-109). While the present applications were

denied, the subsequent applications were granted. (Tr. 39).  Specifically, under the August 21, 2007 applications, Plaintiff was awarded benefits at the initial level on January 8, 2008.  *Id.*  The ALJ awarded these benefits with a finding Plaintiff became disabled on May 25, 2007.[3]  *Id.*  Plaintiff was awarded benefits due to an "anxiety related disorder" and "disorder of the back."  *Id.*

In the current opinion, the ALJ addressed both the current applications (filed May 17, 2006) and the subsequent applications (filed August 21, 2007).  With regard to the subsequent applications which were previously approved, the ALJ reopened those applications and terminated Plaintiff's benefits:

> In addition, the initial determination dated January 8, 2008, on the subsequent applications for a period of disability and disability insurance benefits and supplemental security income filed on August 21, 2007, are being reopened and revised.  Based on those applications, the claimant is not disabled under sections 216(i) and 223(d) or section 1614(a)(3)(A) of the Social Security Act.

(Tr. 24).

The ALJ erred in reopening the August 21, 2007 applications.  The criteria for reopening or revising an approved application is set forth in 20 C.F.R. § 404.988.  As set forth in 20 C.F.R. § 404.988(a) and (b), there are time limitations in reopening a previously approved application.  Such an application may be reopened "for any reason" within "12 months of the date of the notice of the initial termination." 20 C.F.R. § 404.988(a).  Absent special circumstances[4], after the 12-month time-period has expired, a case can only be reopened upon a finding of "good cause."  *Id.* § 404.988(b).  "Good cause" exists if one of the three circumstances is present: (1) new and material evidence is

---

[3] The ALJ chose this onset date. (Tr. 39).  Plaintiff's actual alleged onset date was in April of 2006. (Tr. 106-109).

[4] Such "special circumstances" include fraud.  20 C.F.R. § 404.988(c).  There is no evidence such "special circumstances" exist in this case.  Thus, this Court will not address this issue further.

furnished; (2) a clerical error in the computation or recomputation of benefits was made; or (3) the evidence that was considered in making the determination or decision clearly shows on its fact that an error was made.  *Id.* § 404.989.

In the present action, under the August 21, 2007 applications, Plaintiff's disability benefits were awarded on January 8, 2008.  The ALJ's disability determination is dated July 31, 2009.  (Tr. 24).  This date of July 31, 2009 *is over a year* after January 8, 2008.  Thus, the ALJ cannot reopen the previously-favorable decision "for any reason."  Instead, these previous applications can only be reopened upon a finding of "good cause." 20 C.F.R. § 404.988(b).  In his opinion, however, the ALJ did not state *any reason* for reopening the prior award.  As noted above, the ALJ merely stated that those applications were being reopened and revised and did not provide "good cause" for this revision.  Thus, this Court finds the reopening was in error.

In his briefing, Defendant attempts to justify this reopening as being proper.  ECF No. 11.  Defendant does not dispute that the ALJ needed "good cause" to reopen these applications.  *Id.* Instead, Defendant speculates what that "good cause" might be.  *Id.*  First, Defendant speculates that the ALJ awarded Plaintiff benefits because of her seizures: "[the] initial determination appears to be based upon Plaintiff's seizures." *Id.* at 5.  Second, Defendant speculates that the "good cause" may have been established by "new and material evidence" indicating Plaintiff's seizures were controlled with Keppra.  *Id.*

Upon review, Defendant is incorrect in both of these assumptions.  Plaintiff was awarded benefits due to an "anxiety related disorder" and "disorder of the back" and not due to her seizure disorder. (Tr. 39).  There is no indication there of any  "new and material evidence" related to these conditions which authorized the ALJ to reopen this previously favorable decision.  Because the ALJ

has not established "good cause" to justify reopening this previous award of benefits, Plaintiff's award of benefits beginning with an onset date of May 25, 2007 is reinstated.

The only remaining issue is whether Plaintiff is entitled to benefits from her alleged onset date of April 29, 2006 until May 25, 2007.[5]  Based upon the transcript in this case, it appears several of Plaintiff's medical records date from this time period. (Tr. 312-317, 318-324, 368-416). Because the ALJ's decision assumes a time period from her alleged onset date of April 29, 2006 until the date of his decision on July 31, 2009, it is impossible to determine whether the ALJ properly evaluated Plaintiff's impairments for the time period of April 29, 2006 until May 25, 2007. Thus, this case must be reversed and remanded for further consideration of this issue.

4.    **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. Consistent with this Memorandum Opinion, Plaintiff's award of benefits beginning with an onset date of May 25, 2007 should be reinstated. Upon remand, the ALJ should review whether Plaintiff is entitled to benefits from April 29, 2006 until May 25, 2007. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of April, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[5] In awarding benefits under the August 21, 2007 application, the SSA awarded benefits beginning May 25, 2007 (a date chosen by the SSA). Plaintiff's actual alleged onset date was April 29, 2006. (Tr. 14). Thus, there is a gap in time from Plaintiff's alleged onset date and the onset date found by the ALJ.